JOHNSON, APPELLANT, *v.* RAWAC PLATING COMPANY, APPELLEE.

(No. 2419—Decided May 20, 1988.)

*Michael J. Muldoon,* for appellant.
*David A. Weaver* and *Steven J. McReady,* for appellee.

FAIN, J. Plaintiff-appellant, Anthony Johnson, appeals from a summary judgment entered in favor of defendant-appellee, RAWAC Plating Company ("RAWAC"). We agree with Johnson that there is a genuine issue of material fact precluding judgment for RAWAC as a matter of law. Accordingly, the judgment will be reversed and this cause will be remanded to the trial court for further proceedings.

## I

On September 4, 1985, Johnson sustained an injury to his back. He applied for, and received, workers' compensation benefits. Johnson attempted to return to work, but he was advised by his supervisor that RAWAC would not allow him to return to work until he could produce a release from his physician.

In late December 1985, Johnson produced a partial release, but the partial release restricted his ability to lift. In January 1986, Johnson produced another document from his physician, but it did not release him for work in terms satisfactory to RAWAC. Johnson never provided RAWAC with documentation from his physician indicating that he was able to return to work without restriction.

On March 6, 1986, Johnson's medical leave, as provided by written company policy, expired. Twenty days later, Johnson was notified of the termination of his employment for failing to return to work upon the expiration of his medical leave of absence.

Johnson brought this action pursuant to R.C. 4123.90, claiming that his discharge was in retaliation for his having filed a claim under the Workers' Compensation Act.

The trial court granted RAWAC's motion for summary judgment, and Johnson appeals.

## II

Johnson's sole assignment of error is as follows:

"The trial court erred in granting defendant-appellee's motion for summary judgment pursuant to Civil Rule 56 as there does [*sic*] exist genuine issues as to material facts and therefore this matter should have been presented to the trier of fact."

Johnson argues that he is entitled to reinstatement, pursuant to R.C. 4123.90, if he was discharged because he filed a claim under the Workers' Compensation Act. Johnson further argues that there is a genuine issue of material fact as to whether he was, in fact, discharged in retaliation for his

having filed a workers' compensation claim.

RAWAC argues that in view of its established written company policy, it is clear that Johnson was discharged because of his failure to return to work within the prescribed time, so that there can be no genuine issue of material fact as to whether his discharge was retaliatory. This argument overlooks the fact that, even though RAWAC's written policy provided for discharge, RAWAC was not required to follow that policy. Had RAWAC chosen, notwithstanding its policy, to retain Johnson in its employ, it seems unlikely that Johnson would have complained. Accordingly, it remains possible that the actual reason for discharging Johnson, notwithstanding the company's established written policy, was in retaliation for his having filed a workers' compensation claim.

In his affidavit, offered in opposition to RAWAC's motion for summary judgment, Johnson avers that RAWAC's attitude toward him as an employee changed for the worse after his industrial injury. He further avers his belief that the real reason that his employment was terminated was that he sought and received benefits under the Workers' Compensation Act. Since RAWAC's motives in discharging Johnson are not amenable to direct proof by Johnson, we conclude that Johnson, to the extent of his ability to do so, has controverted RAWAC's assertion that it simply discharged him in accordance with its established, written policy. RAWAC's argument that it was simply following its established, written policy is certainly a compelling argument, and it may well carry the day at a trial on the merits. However, the factfinder is not required to believe that that was the real reason why RAWAC terminated Johnson's employment, just because RAWAC asserts that it is. The factfinder, after a trial on the merits, must determine the credibility of the testimony offered by RAWAC and by Johnson.

### III

Johnson's sole assignment of error is sustained. The judgment of the trial court will be reversed, and this cause will be remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

KERNS, P.J., and WILSON, J., concur.